## Robert B. F. Peirce, Receiver of the Toledo, St. L. and K. C. R. Co. v. Cynthia Wright.

RAILROAD COMPANIES—*Killing Stock, Trespassing.*—To enable a party to recover of a railroad company for stock killed while trespassing upon its right of way, he must show that its servants, in some way, were notified that the stock were in fact on or likely to be on the track and that they by, the exercise of proper care and prudence, could have prevented the injury.

**Trespass,** for killing stock. Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

GUENTHER & CLARK, attorneys for appellant; CLARENCE BROWN and CHAS. A. SCHMETTAU, of counsel.

Contended that railroad companies owe no duty to animals trespassing upon the track, except to use ordinary care to avoid injuring them, after they are discovered upon the track by the servants in charge of the train. St. Louis, A. & T. H. R. R. Co. v. Stapp, 53 Ill. App. 600; Delta Electric Co. v. Whitcamp, 58 Ill. App.141; Toledo, W. & W. R. R. Co. v. Barlow, 71 Ill. 640; Illinois C. R. R. Co. v. Noble, 142 Ill. 578; Chicago & A. R. Co. v. Hill, 24 Ill. App. 619; Chicago & A. R. R. Co. v. Legg, 32 Ill. App. 218; Chicago & N. W. R. R. Co. v. Taylor, 8 Ill. App. 108; Peoria, P. & J. R. R. Co. v. Champ, 75 Ill. 577; Cleveland, C. C. & St. L. R. R. Co. v. Rice, 48 Ill. App. 51; Cleveland, C. C. & St. L. R. R. Co. v. Ahrens, 42 Ill. App. 434; Illinois C. R. R. Co. v. Bull, 72 Ill. 537.

To recover on the ground of negligence, the burden

Peirce v. Wright.

was on the appellee to prove by a preponderance of the evidence that there was negligence on the part of the appellant. Rockford & St. L. R. R. Co. v. Connell, 67 Ill. 216; Chicago & A. R. R. Co. v. McMorrow, 67 Ill. 218.

Where stock get upon the track without the fault of the company, the law requires evidence beyond mere proof that they were killed by the engine of the company; there must be proof of negligence on the part of the agents and servants of the company in charge of the train at the time the injury occurred. Chicago & N. W. R. R. Co. v. Barrie, 55 Ill. 226; Chicago & M. R. R. Co. v. Patchin, 16 Ill. 198; Illinois C. R. R. Co. v. Reedy, 17 Ill. 580.

There is no duty imposed upon employees of railroad companies to anticipate the presence of animals trespassing upon the track, and to be in the constant exercise of vigilance to discover them. Illinois C. R. R. Co. v. Noble, 142 Ill. 578, overruling Railroad Co. v. Middlesworth, 46 Ill. 498; Railroad Co. v. Godfrey, 71 Ill. 500.

Where an animal comes suddenly upon the track, so close to the engine that no effort would avail, even the default of any effort to avoid collision is not negligence. Toledo, P. & W. R. Co. v. Bray, 57 Ill. 514; Chicago, B. & Q. R. Co. v. Bradfield, 63 Ill. 220; Terre Haute & I. R. Co. v. Jenuine, 16 Ill. App. 209.

When an animal comes so suddenly upon the track, and in such close proximity to the engine, that no efforts the engineer might make to stop the train, could avoid the collision, the railroad company would not be liable. Galena & C. U. R. R. Co. v. Griffin, 31 Ill. 303; Lovejoy v. Chesapeake & O. R. R. Co., 24 S. E. Rep. (W.Va.) 599; Ohio & M. R. R. Co. v. Gross, 41 Ill. App. 561; Illinois C. R. R. Co. v. Wren, 43 Ill. 77; New

Orleans & N. E. R. R. Co. v. Burkett, 2 So. Rep. (Miss.) 253; Louisville N. O. & T. R. R. Co. v. Smith, 7 So. Rep. (Miss.) 212; Chicago & A. R. R. Co. v. Rice, 71 Ill. 567; Illinois C. R. R. Co. v. Goodwin, 30 Ill. 117.

When the verdict of the jury is contrary to the evidence, it is the duty of the court to set it aside and grant a new trial. Chicago & A. R. R. Co. v. Shannon, 43 Ill. 338; Illinois C. R. Co. v. Chambers, 71 Ill. 519; Chicago, Etc., R. R. Co. v. Conley, 43 Ill. App. 347.

JAMES W. & EDWARD C. CRAIG, attorneys for appellee.

Reasonable diligence must be used as soon as it is discovered that the animals are in danger, and this may occur before they are on the track. C., C. C. & St. L. R'y Co. v. Ahrens, 42 Ill. App. 434; Redfield on Railways (6 Ed.), Sec. 126; P. P. & J. R. R. Co. v. Champ, 75 Ill. 577; T. W. & W. R'y Co. v. Barlow, 71 Ill. 640.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover the value of two horses killed by the servants and employees of appellant in operating an engine and train of cars on appellant's railroad track near Charleston, Illinois, on December 25, 1896. A trial was had with a jury in the Circuit Court of Coles County. A verdict was rendered for appellee for $100 and judgment entered on the verdict. An appeal was prosecuted from this judgment to this court.

The only error insisted on is that the verdict of the jury is not sustained by the evidence.

The train which killed the horses was a north-bound train and running at the rate of twenty-five miles an hour.

The engineer who had charge of the engine pulling this train, testified that the first he saw of the horses they ran on the track ten yards in front of his engine, and he killed them both at the same time. He is the only witness who testifies to seeing the horses killed. Upon his testimony alone appellant relies for a reversal of this judgment.

The horses of appellee, it is conceded, were trespassing upon the right of way and track of appellant.

To enable a party to recover of a railroad company for stock killed while trespassing upon its right of way and track, he must show that its servants in some way were notified that the stock were in fact on or likely to be on the track, and they by the exercise of proper care and prudence could have prevented the injury. I. C. R. R. Co. v. Noble, 142 Ill. 578; C. C. C. & St. L. R'y Co. v. Ahrens et al., 42 Ill. App. 434.

The horses, when found the next morning, were from one hundred and twenty-five yards apart. One had been dragged from seventeen to twenty-five yards, so they must have been at least one hundred yards apart when struck with the engine. This statement is not controverted. It squarely contradicts the statement of the engineer that he killed them both at once and that they both ran up on the track about ten yards in front of his engine. The view was unobstructed and the track straight for some distance south from where the horses were struck. The engineer on the south-bound train which came in about thirty minutes before the collision, testified that with an imperfect headlight he saw the horses for six hundred feet in front of his engine.

In the case of I. C. R. R. Co. v. Noble, *supra*, the court says: "Doubtless when the view is unobstructed, so that if the engineer is at his post and in the proper discharge of his duties the trespassing animals must be

within the range of his vision, the presumption will readily and perhaps necessarily arise that he does see them, and his subsequent conduct as to being negligent or otherwise, will be judged upon that basis.

With a headlight, lighting up the right of way for six hundred feet, a straight track, without anything to obstruct the view, it seems the presumption necessarily arises that the engineer must have seen the horses about to come upon the track in time by the exercise of due care and prudence to have avoided the injury. One of the horses was at least three hundred feet in front of the engine. No bell was rung or whistle sounded.

Whether the statement made by the engineer with reference to the killing of the horses was correct and to be relied upon, has been passed on by a jury, and they have found it was not.

The jury should not arbitrarily and without good reason disregard the testimony of any witness, but the testimony of a witness may be overcome by the proof of circumstances and facts inconsistent with the story told by him.

We think the jury were authorized from the evidence in this case to return the verdict they did.

The judgment of the Circuit Court will be affirmed.